### LEHIGH VAL. R. CO. v. RAINEY et al.

(Circuit Court, E. D. Pennsylvania. January 4, 1902.)

#### No. 38.

CARRIERS—INTERSTATE COMMERCE LAW—DISCRIMINATION IN RATES.

Actual discrimination in rates charged is necessary to constitute a violation of the interstate commerce act; and the mere making or offering of a discriminating rate, under which it is not shown that any shipment was ever made, constitutes no legal injury to a shipper who is charged a higher rate.

At Law. On motion for new trial.
See 99 Fed. 596.

Francis I. Gowen, for plaintiff.
C. Andrade, Jr., for defendant.

J. B. McPHERSON, District Judge. A reconsideration of this case has failed to change my opinion that the court was justified in directing a verdict in favor of the plaintiff. For present purposes it

must be assumed that the rate complained of was discriminating, but I still think that a mere paper rate, which is never carried into effect, and is therefore simply a proposition to carry for a specified sum, is not such a violation of the interstate commerce act as to prevent the carrier from recovering freight from other than the theoretically favored shippers. It is discrimination in fact, and not a mere intention to discriminate, that is punishable; and in the case before the court there was no evidence that a pound of coal had been carried to be sold in the market by any other shipper than the defendants. Hence no rival of the defendants was benefited by the unaccepted rate, and no harm was done to their business.

It did appear, however, that coal was carried by the plaintiff from the disputed point of shipment for use in its own engines; this coal having been mined by the Lehigh Valley Coal Company, which was clearly proved to be the Lehigh Valley Railroad Company in another dress. The identity of interest between the two corporations was so plain that it seemed idle to question it, so far as its practical effect upon the matter at issue was concerned, although, of course, the court did not intend to treat as nonexistent for all purposes the legal distinction between the two separate corporate entities. But dealing with real things, and not with mere shows, it was clear to my mind that (for the purposes of the case before me) the coal company was mining as the scarcely veiled hand of the railroad company, and therefore that it made no difference at all what rate of freight was formally charged by the railroad company for hauling the coal. In essence, the railroad company mined, carried, and burnt its own coal; and, under such circumstances, I still think it was correct to say that a charge for freight would be little more than a bookkeeping entry.

A new trial is refused.